D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL CARLESS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

## <u>INTRODUCTION</u>

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief regarding FOIA requests submitted by The Center for Investigative Reporting ("CIR") and Will Carless (collectively "Plaintiffs") for the processing and release of agency records requested from Defendant, the United States Department of Commerce ("DOC"), involving the 2020 United States Census ("2020 Census").

2.     On November 4, 2019, Plaintiffs submitted the first of three FOIA requests ("the First Request") to the DOC's United States Census Bureau ("Census Bureau") for records submitted to the Census Bureau regarding concerns about the 2020 Census.

3.      On December 18, 2019 and February 27, 2020, DOC sent interim responses and some documents responsive to the First Request, but has to date failed to issue a final determination or release all of the requested records.

4.      On November 13, 2019, Plaintiffs submitted a second FOIA request ("the Second Request") to DOC seeking disclosure of "copies of all communications" regarding the citizenship question on the census.

5.      On November 27, DOC granted Plaintiffs' request for expedited processing of the Second Request, but to date, DOC has failed to issue a final determination as to the Second Request.

6.      On February 7, 2020, Plaintiffs submitted a third FOIA request ("the Third Request") seeking disclosure of emails sent to rumors@census.gov and other related records.   To date, Defendant has not sent a final determination or even acknowledged the Third Request.

7.      Defendant has failed to comply with FOIA's statutory deadlines.

8.      Plaintiffs have exhausted all other administrative remedies.

9.      The requested records are of significant public interest because they relate directly to the grave public interest in the 2020 Census.

10.      Plaintiffs now ask the Court for an injunction requiring Defendant to promptly release the withheld records.

## JURISDICTION

11.      The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).   This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

## VENUE AND INTRADISTRICT ASSIGNMENT

12.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district.

13.     Assignment to the Oakland Division is proper pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

14.     Plaintiff CIR publishes *Reveal*, an online news site, at revealnews.org, and *Reveal*, a weekly public radio show with approximately 3 million listeners per week.  Founded in 1977 as the first non-profit investigative news organization, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

15.     Plaintiff Will Carless is a staff reporter for *Reveal* and an employee of CIR. Defendant DOC is a department of the executive branch of the United States government and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  The Census Bureau, Office of the Secretary ("OS") and Immediate Office of the Secretary ("IOS") are components of DOC.  DOC has its headquarters in Washington, D.C..

## FACTUAL BACKGROUND

16.     The Census Bureau is the component of DOC responsible for administering the United States Census, as required by the U.S. Constitution.  Census Bureau, *Census at a Glance*, https://www.census.gov/about/what/census-at-a-glance.html; *see also* U.S. CONST. art. I, §2.  The Census Bureau's stated mission is to "serve as the nation's leading provider of quality data about its people and economy."  Census Bureau, *Census at a Glance*, https://www.census.gov/about/what/census-at-a-glance.html.

17.     As part of its mandate, the Census Bureau conducts a "population and housing count" every ten years, which is used to determine the number of seats for each state in the House of Representatives, draw legislative districts, and allot federal funds.  *Id.*  The census aims to tabulate

the total population in all states and U.S. territories.  *Id.*

18.     The 24th national census is scheduled to take place in 2020.  Census Bureau, *What Is the 2020 Census?*, https://2020census.gov/en/what-is-2020-census.html.

19.     In March 2018, Secretary of Commerce Wilbur Ross announced that he had decided to add a question to the 2020 Census which would ask if the respondent was a citizen of the United States.  Adam Liptak, *Supreme Court Green-Lights Gerrymandering and Blocks Census Citizenship Question*, N.Y. TIMES, June 27, 2019, https://www.nytimes.com/2019/06/27/us/politics/supreme-court-gerrymandering-census.html.

20.     The proposed citizenship question is the subject of substantial public controversy, especially after the Supreme Court in June 2019 "rejected the Trump administration's stated reason for adding a citizenship question to the census," finding that Ross's justification was inconsistent with the record.  *Id.*  Rejecting the administration's claim that it sought to include the citizenship question to enforce the Voting Rights Act, the Court explained that the claim appeared contrived, if not pretextual, and remanded the case to the district court.  *Id.*; *See Department of Commerce v. New York*, No. 18–966, 588 U.S. ___ (2019).

21.     In July 2019, unable to meet deadlines in the district court, the Trump administration announced that it would use "federal databases to gain a full, complete, and accurate count of the non-citizen population," issuing an executive order requiring federal agencies to assist the Census Bureau in compiling these records.  Will Carless, *The Census Bureau Is Building Trump a Huge List of Noncitizens. Will it Be Secure?*, REVEAL, Feb. 1, 2010, https://revealnews.org/article/the-census-bureau-is-building-trump-a-huge-list-of-noncitizens-will-it-be-secure/; *see also* Exec. Order No. 13880, *available at* https://www.whitehouse.gov/presidential-actions/executive-order-collecting-information-citizenship-status-connection-decennial-census/.

22.     Mr. Carless, on behalf of CIR, has reported extensively on developments in the

citizenship question controversy in recent years.  *See*, *e.g.*, Will Carless, *The Census Bureau Is Building Trump a Huge List of Noncitizens. Will it Be Secure?*, REVEAL, Feb. 1, 2010, https://revealnews.org/article/the-census-bureau-is-building-trump-a-huge-list-of-noncitizens-will-it-be-secure/ is of great public interest; Aaron Sankin & Will Carless, *The Hate Report: White Nationalists Welcome New Census Question*, REVEAL, Mar. 30, 2018, https://www.revealnews.org/blog/the-hate-report-white-nationalists-welcome-new-census-question/.  Based on the wide scope of news coverage of these events by CIR and other publications, this is a matter of immense public interest.

## PROCEDURAL BACKGROUND

### First Request

23.     On November 4, 2019, Mr. Carless submitted a FOIA request to DOC on behalf of CIR seeking Plans of Actions and Milestones for the 2020 census.  A true and correct copy of the First Request is attached as Exhibit A.

24.     Specifically, Mr. Carless requested "Plans of Actions and Milestones (POA&Ms) for . . . issues identified during security assessment activities" regarding the 2020 census that were classified as "high risk" or "very high-risk."  Exhibit A. Mr. Carless further clarified that the POA&Ms sought were discussed in "[p]age 22" of "U.S. GAO Report 19-431T."  *Id.*

25.     On November 6, 2019, Mr. Carless received an automated email acknowledging the First Request and assigning it tracking number DOC-CEN-2020-000206.  A true and correct copy of that email is attached as Exhibit B.

26.     On December 17, 2019, Mr. Carless received an email from DOC stating that the agency was "working your case" and "hope[d] to have an interim response . . . as soon as possible.  A true and correct copy of that email is attached as Exhibit C.

27.     On December 18, 2019, Mr. Carless received a letter response from DOC referencing

the First Request and providing several hundred responsive pages.[1]  This response added that DOC would "continue to provide records . . . on a rolling basis."  A true and correct copy of this letter and a sample of the responsive pages are attached as Exhibit D.

28.     On January 30, 2020, Mr. Carless sent an email requesting an update on the status of both the First Request and the Second Request, noting that while he received a partial response to the First Request in December 2019, the partial response "did not include most of the documents that were requested."  A true and correct copy of that email is included as Exhibit E.

29.     That same day, Census Bureau's Public Information Office wrote back to Mr. Carless that it would "look into this matter and circle back."  A true and correct copy of that email is attached as Exhibit F.

30.     On February 27, 2020, Mr. Carless received a letter response from DOC referencing the First Request and providing 50 responsive pages which were heavily redacted.  A true and correct copy of this letter and a sample of the responsive pages are attached as Exhibit G.

31.     Neither the December 18 production nor the February 27 production included specific information on what was contained in the POA&Ms that Mr. Carless requested.

32.     Mr. Carless has received no further correspondence from DOC regarding the First Request.  More than 20 working days have passed since Plaintiffs submitted the First Request on November 4, 2019.

33.     DOC has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i), which requires that an agency make determinations with respect to a request within 20 business days.

34.     Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

//

---

[1] While the response letter *stated* that it was providing 873 pages, the Google Document shared with Plaintiffs was less than 200 pages long.  It is unclear whether this discrepancy is due to a formatting issue or agency oversight.

**Second Request**

35.     On November 13, 2019, Mr. Carless submitted a FOIA request to DOC on behalf of CIR seeking communications between senior DOC officials about the 2020 census.   A true and correct copy of the Second Request is attached as Exhibit H.

36.     Specifically, Mr. Carless requested "copies of all communications . . . containing the following terms: Citizenship question, Title 13, Administrative data, Census, Hofeller, [and] Common Cause." Ex. H.  Mr. Carless further specified that he only sought communications between certain "senior officials" at the DOC:  Secretary Ross, Deputy Secretary Karen Kelley, Chief of Staff Michael Walsh, Jr., Chief Financial Officer Thomas Gilman, and National Technical Information Service Director Avi Bender. *Id*.

37.     That same day, Mr. Carless received an automated email acknowledging the Second Request and assigning it tracking number DOC-OS-2020-000250.  A true and correct copy of that email is attached as Exhibit I.

38.     On November 14, 2019, Mr. Carless received an automated email notifying him that the tracking number for the Second Request had been changed to DOC-IOS-2020-00250.  A true and correct copy of that email is attached as Exhibit J.

39.     On November 27, 2019, Mr. Carless received an automated email notifying him that his request for expedited processing had been granted.  A true and correct copy of that email is included as Exhibit K.

40.     On January 30, 2020, Mr. Carless sent an email requesting an update on the status of both the First Request and the Second Request, noting that he had heard nothing regarding the Second Request since being granted expedited processing more than two months earlier.  Ex. E.

41.     That same day, Census Bureau's Public Information Office wrote back to Mr. Carless that it would "look into this matter and circle back."  Ex. F.

42.     Mr. Carless has received no further correspondence from DOC regarding the Second Request.  More than 20 working days have passed since Plaintiffs submitted the Second Request on November 13, 2019.

43.     DOC has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i), which requires that an agency make determinations with respect to a request within 20 business days.

44.     Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

**Third Request**

45.     On February 7, 2020, Mr. Carless submitted a FOIA request to DOC on behalf of CIR seeking copies of communications "regarding inaccurate, suspicious or fraudulent activity" about the 2020 census.  A true and correct copy of the Third Request is attached as Exhibit L.

46.     Specifically, Mr. Carless requested "all emails received by or sent from the email address rumors@census.cov," "all messages received or sent by the Census Bureau's social media accounts . . . between Jan. 1, 2019 and Feb. 7, 2020," "[t]ranscripts of any reports to the Census Bureau's CustomerService Hotline . . . regarding inaccurate, suspicious, or fraudulent activity between Jan. 1, 2019 and Feb. 7, 2020," and "all reports or memos produced since Jan. 1, 2015 by any members of the Census Bureau's Trust and Safety Team."  Ex. L.

47.     Mr. Carless has received no correspondence from DOC regarding the Third Request. More than 20 working days have passed since Plaintiffs submitted the Third Request on February 7, 2020.

48.     DOC has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i), which requires that an agency make determinations with respect to a request within 20 business days.

49.     Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

//

//

## CAUSE OF ACTION

### Violation of Freedom of Information Act

50.     Plaintiffs repeat and reallege paragraphs 1-50.

51.     DOC is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

52.     DOC has no lawful basis for declining to acknowledge the existence of the records requested by Plaintiffs under FOIA.

53.     DOC has improperly delayed the Requests, which warranted expedited processing.

54.     DOC has failed to issue final determinations as to Plaintiffs' three requests within the 20 business days required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i) and (ii).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

55.     Plaintiffs are entitled to declaratory and injunctive relief compelling the expedited release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1.     Declare that Defendant DOC violated FOIA by failing to provide requested records in response to Plaintiffs' Requests and failing to notify Plaintiffs of a final determination as to the Requests within the statutory time limit;

2.     Declare that the documents sought by their Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3.     Order Defendant DOC to expeditiously provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as

expressly permitted by FOIA; and

5.    Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED:  March 12, 2020

Respectfully submitted,

By:  s/ D. Victoria Baranetsky
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs