DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7164
   Facsimile: (415) 436-7234
   jevechius.bernardoni@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF COMMERCE

D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809 3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorneys for Plaintiffs THE CENTER
FOR INVESTIGATIVE REPORTING
and WILL CARLESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL CARLESS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendant. | Case No. 3:20-cv-01783 LB<br><br>**CASE MANAGEMENT STATEMENT** |

Plaintiffs, The Center for Investigative Reporting ("CIR") and Will Carless ("Mr. Carless" and, together with the CIR, "Plaintiffs"), and defendant, the United States Department of Commerce ("Defendant" or "DOC"), jointly submit this Case Management Statement.

**1.     Jurisdiction and Service**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Defendant has answered the complaint.  ECF No. 12.  No issues exist regarding personal jurisdiction, service, or venue.[1]

**2.     Facts**

Plaintiffs have sued DOC for alleged violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

   **a.     The FOIA Requests**

This case purportedly involves three separate FOIA requests.

   i.     The November 4, 2019 FOIA (First Request)

Plaintiffs assert that on November 4, 2019, Mr. Carless, on behalf of the CIR, submitted a FOIA request to the DOC's United States Census Bureau for records submitted to the Census Bureau regarding concerns about the 2020 Census.  Specifically, the November 4, 2019 FOIA request sought "Plans of Actions and Milestones (POA&Ms) for . . . issues identified during security assessment activities" regarding the 2020 census that were classified as "high risk" or "very high-risk."  The November 4, 2019 FOIA request further clarified that the POA&Ms sought were discussed in "[p]age 22" of "U.S. GAO Report 19-431T."

   ii.     The November 13, 2019 FOIA (Second Request)

Plaintiffs assert that on November 13, 2019, Mr. Carless, on behalf of the CIR, submitted a FOIA request to DOC seeking communications between senior DOC officials about the 2020 census.  Specifically, the November 13, 2019 FOIA request sought "copies of all communications . . . containing the following terms: Citizenship question, Title 13, Administrative data, Census, Hofeller, [and] Common Cause."  The November 13, 2019 FOIA request further specified that it only sought communications between certain "senior officials" at the DOC:  Secretary Ross, Deputy Secretary Karen Kelley, Chief of Staff Michael Walsh, Jr., Chief Financial Officer Thomas Gilman, and National Technical Information Service Director Avi Bender.

---

[1] As noted in DOC's Answer, DOC denies that it received the February 7, 2020 FOIA request on or around February 7, 2020 and contends that Plaintiffs did not submit a claim or exhaust their administrative remedies with respect to the February 7, 2020 FOIA request.  *See* ECF No. 12.

iii.     The February 7, 2020 FOIA Request

Plaintiffs assert that on February 7, 2020, Mr. Carless, on behalf of the CIR, submitted a FOIA request to DOC seeking copies of communications "regarding inaccurate, suspicious or fraudulent activity" about the 2020 census. Specifically, the February 7, 2020 FOIA request sought "all emails received by or sent from the email address rumors@census.cov," "all messages received or sent by the Census Bureau's social media accounts . . . between Jan. 1, 2019 and Feb. 7, 2020," "[t]ranscripts of any reports to the Census Bureau's Customer Service Hotline . . . regarding inaccurate, suspicious, or fraudulent activity between Jan. 1, 2019 and Feb. 7, 2020," and "all reports or memos produced since Jan. 1, 2015 by any members of the Census Bureau's Trust and Safety Team."

As noted in DOC's Answer and in footnote 1 above, DOC denies that it received the February 7, 2020 FOIA request on or around February 7, 2020. *See* ECF No. 12. DOC's Answer further included the affirmative defense that, as to the February 7, 2020 FOIA request, claims are barred because Plaintiffs failed to submit a claim or exhaust their administrative remedies. *See id.* Plaintiffs assert that they sent the February 7, 2020 FOIA request on February 7, 2020 and have proof of receipt by others copied on the email. Plaintiffs further assert that this process was identical to how other requests were sent and that they therefore properly exhausted their administrative remedies.

b.     **DOC's Progress to Date**

DOC has made multiple interim responses to Plaintiffs' FOIA requests, releasing a total of approximately 2,975 pages of records.

- **December 18, 2019 Interim Release**: On December 18, 2019, the Census Bureau released 873 pages of records responsive to the November 4, 2019 FOIA request.

- **February 5, 2020 Interim Update**: On February 5, 2020, the Census Bureau sent Mr. Carless a letter informing him that although the Census Bureau granted his expedited processing request, due to the complexity, sensitivity and level of effort needed to coordinate and process records it will take some extended time. The Census Bureau further informed Mr. Carless that it had to coordinate with other program areas to gather records and obtain final review.

- **February 27, 2020 Interim Release**: On February 27, 2020, the Census Bureau released

1   50 pages of records responsive to the November 4, 2019 FOIA request.

2   - **June 16, 2020 Interim Release**: On June 16, 2020, the Census Bureau released 908 pages of records responsive to the February 7, 2020 FOIA request.

- **June 25, 2020 Interim Release**: On June 25, 2020, the Census Bureau released 29 pages of records responsive to the November 4, 2020 FOIA request.

- **July 9, 2020 Interim Release**: On July 9, 2020, the Census Bureau released 513 pages responsive to the February 7, 2020 request.

- **July 29, 2020 Interim Release**: On July 29, 2020, the Census Bureau released 594 pages responsive to the February 7, 2020 request.

The June 25, 2020 interim release was the final response to the November 4, 2019 FOIA request. The July 29, 2020 interim release was the final response to the February 7, 2020 FOIA request.

The parties agreed upon a date cutoff for the search and a timeline for production of records for the November 13, 2019 FOIA request. Specifically, pursuant to the parties' negotiations, Defendant searched for responsive records through September 30, 2020. Defendant has now made four interim releases of records responsive to the November 13, 2019 FOIA request:

- **December 15, 2020 Interim Release**: On December 15, 2020, DOC released 2,321 pages responsive to the November 13, 2019 FOIA request.

- **January 5, 2021 Interim Release**: On January 5, 2021, DOC released 3,629 pages responsive to the November 13, 2019 FOIA request.

- **February 5, 2021 Interim Release**: On February 5, 2021, DOC released 1,842 pages responsive to the November 13, 2019 FOIA request. With the February 5, 2021 release, DOC completed processing of records responsive to the November 13, 2019 FOIA request within DOC's sole control. As of February 5, 2021, there were a number of records out for consultation with other agencies that DOC was not be able to include in this release.

- **February 10, 2021 Interim Release**: On February 10, 2021, DOC released 670 pages responsive to the November 13, 2019 FOIA request. The February 10, 2021 interim release consisted of records that DOC received back from consultation with other agencies.

There are still a small number of potentially responsive records that remain out for consultation

with other agencies. While DOC does not control the pace at which other agencies process the consultations, it is pushing the other agencies to return the remaining consultation records as soon as practicable.

The parties request a further case management conference on March 18, 2021, with a further case management conference statement due on March 11, 2021.

**3.  Legal Issues**

The legal issues may include (1) whether Defendant has produced all responsive documents, including all responsive portions of such documents to Plaintiffs' FOIA request, subject to applicable legal exemptions; and (2) whether Plaintiffs are entitled to attorneys' fees and costs in connection with the instant action.

To the extent the parties are unable to resolve any disputes regarding the February 7, 2020 FOIA request cooperatively, DOC reserves the right to defend on the affirmative basis that Plaintiffs failed to exhaust administrative remedies.

After Plaintiffs receive DOC's final responses, the parties will determine whether there are any issues remaining in the case. If DOC withholds or redacts documents as subject to an exemption under FOIA that are otherwise responsive to Plaintiffs' FOIA requests and Plaintiffs contest the bases for such redactions or withholdings, the parties will confer in an effort to resolve those disputes. If the parties are not able to resolve their disputes, if any, with respect to any withholdings or redactions, the parties may move for summary judgment with respect to DOC's application of the FOIA exemptions.

**4.  Motions**

There are no prior motions. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5.  Amendment of Pleadings**

No party anticipates amending its pleadings at this time.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

### 7. Disclosures

The parties agree that initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) are not necessary because this is a FOIA action.

### 8. Discovery

To date, no discovery has been taken by any party. The parties note that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents").

However, in line with Ninth Circuit precedent, CIR reserves the right to seek discovery under Federal Rule of Civil Procedure 56(f), particularly if DOC defends that Defendant did not receive the February 7, 2020 request and asserts Plaintiffs failed to exhaust administrative remedies. *Church of Scientology of S.F. v. IRS*, 991 F.2d 560, 563 (9th Cir. 1993); (citing *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir.), cert. denied, 505 U.S. 1212 (1992)) ("a plaintiff's right to conduct discovery prior to summary judgment in an action against the government under the Freedom of Information Act."); *see also Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (discovery is appropriate where there are genuine issues of material fact remaining).

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

There are no related cases pending before this Court as defined by Local Rule 3-12.

### 11. Relief

Plaintiffs seek responsive, non-exempt documents as well as reasonable attorney's fees and litigation costs. DOC denies that Plaintiffs are entitled to any relief and seeks dismissal.

### 12. Settlement and ADR

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues.

### 13. Consent to Magistrate for All Purposes

Whether all parties will consent to have a magistrate judge conduct all further proceedings

including trial and entry of judgment.  _X_ Yes ___ No

**14.    Other References**

None applicable.

**15.    Narrowing of Issues**

None applicable.

**16.    Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

Given the cooperative efforts currently underway, the parties suggest that the scheduling of briefing and hearing for the potential summary judgment motions be deferred at this time.

**18.    Trial**

The parties anticipate that this action will involve purely legal issues and will be resolved by motion without the need for a trial.

**19.    Disclosure of Non-Party Interested Entities or Persons**

As a governmental entity or agency, DOC is exempt from the disclosure requirement of Civil Local Rule 3-15.  Pursuant to Local Rule 3-15, Plaintiffs filed their Certification of Interested Entities or Persons on March 12, 2020, and certified that, other than the named parties, there are no interests to report.  *See* ECF No. 3.  It remains true that Plaintiffs have no interests to report, other than the named parties.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

None at this time.

DATED:  February 11, 2021                              Respectfully submitted,

                                                                              DAVID L. ANDERSON
                                                                              United States Attorney

                   */s/ Jevechius D. Bernardoni\**  
                   JEVECHIUS D. BERNARDONI  
                   Assistant United States Attorney

DATED: February 11, 2021

                   THE CENTER FOR INVESTIGATIVE REPORTING

                   */s/ D. Victoria Baranetsky*  
                   D. Victoria Baranetsky  
                   Attorney for Plaintiffs

*\*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*